☐ **AMENDED**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

In re:    **Roy D. Little**                                                                Case No.

Debtors:                                                                                      Chapter 13

## CHAPTER 13 PLAN

**ADDRESS:**    (1)  **6015 N. Littlebrook Cir. #110**          (2)
                     **Memphis, TN 38115**

**PLAN PAYMENT:**
  **Debtor(1)** shall pay $ **325.00**  **EVERY 2 WEEKS**    ☐ weekly, ☑ every two weeks, ☐ semi-monthly, or ☐ monthly, by:
  ☑ **PAYROLL DEDUCTION** From:  **McAlister Transportation**                    OR ( ) DIRECT PAY
                                  **312 N. Washington**
                                  **Wellington, KS 67152**

  **Debtor(2)** shall pay $ _____    ☐ weekly, ☐ every two weeks, ☐ semi-monthly, or ☐ monthly, by:
  ☐ **PAYROLL DEDUCTION** From: _____    OR ( ) DIRECT PAY

**1. THIS PLAN [Rule 3015.1 Notice]:**

  (A) CONTAINS A NON-STANDARD PROVISION. [See plan provision #19]                       ☐ YES    ☑ NO
  (B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION                         ☑ YES    ☐ NO
      OF THE COLLATERAL FOR THE CLAIM. [See plan provisions #7 and #8]
  (C) AVOIDS A SECURITY INTEREST OR LIEN. [See plan provision #12].                     ☐ YES    ☑ NO

**2. ADMINISTRATIVE EXPENSES:** Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

**3. AUTO INSURANCE:** ☐ Included in Plan; OR ☑ Not included in Plan; Debtor(s) to provide proof of insurance at §341meeting.

**4. DOMESTIC SUPPORT:**                                                           Monthly Plan Payment:

               Paid by: ☐ Debtor(s) directly ☐ Wage Assignment, OR ☐ Trustee to:
**None**       ongoing payment begins _____                                       $ _____
               Approximate arrearage: _____

**5. PRIORITY CLAIMS:**

**-NONE-**                              Amount _____                              $ _____

**6. HOME MORTGAGE CLAIMS:** ☐ Paid directly by Debtor(s); OR ☐ Paid by Trustee to:

**None**    ongoing payment begins _____                                          $ _____
            Approximate arrearage: _____    Interest _____                       $ _____

**7. SECURED CLAIMS:**

| [Retain lien 11 U.S.C. §1325 (a)(5)] | Value of Collateral: | Rate of Interest | Monthly Plan Payment: |
|---|---|---|---|
| **Mission Financial Svcs.** | 16,100.00 | 5.00 | $ 304.00 |
| **Progressive Finance** | 1,000.00 | 5.00 | $  20.00 |
| **Santander Consumer** | 16,900.00 | 5.00 | $ 320.00 |

**8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER
    SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:**

| [Retain lien 11 U.S.C. §1325 (a)] | Value of Collateral: | Rate of Interest | Monthly Plan Payment: |
|---|---|---|---|
| **-NONE-** | | | $ |

**9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:**

**-NONE-**                                              Collateral:

**10. SPECIAL CLASS UNSECURED CLAIMS:**

| | Amount: | Rate of Interest | Monthly Plan Payment: |
|---|---|---|---|
| | | | $ |

**11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:**

**None**                                       ☐   Not provided for   **OR**   ☐   General unsecured creditor

**12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C.§522(f):**

**-NONE-**

**13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.**

**14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: $4,140.00**

**15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:**

☐    TBD    %, OR,
☑    **THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.**

**16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:**

**None**                                                         ☐   Assumes   **OR**   ☐   Rejects.

**17. COMPLETION:** Plan shall be completed upon payment of the above, approximately **60** months.

**18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.**

**19. NON-STANDARD PROVISION(S):**

ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.

**20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.**

/s/ Ian D. Garrott                                                         Date **April 15, 2019**                       .
**Ian D. Garrott 15453**
**Debtor(s)' Attorney Signature or Pro Se Debtor(s)' Signature(s)**